IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No.  6:01-828–HMH |
| vs. ) | C.A. No. 6:05-1395-HMH |
| ) | |
| Jermaine Phillips, ) | |
| ) | **OPINION & ORDER** |
| Movant. ) | |

This matter is before the court on Jermaine Phillips' ("Phillips") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (West Supp. 2005).  After a thorough review of the facts and pertinent law, the court summarily dismisses Phillips' motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2002, Phillips pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base, commonly known as crack cocaine.  On May 29, 2002, Phillips was sentenced to two hundred forty (240) months' imprisonment.  The judgment was entered on June 12, 2002.  Phillips did not appeal the judgment.  On May 7, 2005, Phillips filed the instant motion alleging that his trial counsel, Janis Hall ("Hall"), was constitutionally ineffective for (1) failing to file an appeal as requested and misleading Phillips by stating that he had no grounds for appeal, (2) failing to object to sentencing enhancements in violation of the Fifth and Sixth Amendments of the Constitution, and (3) failing to object to the "usage of [Phillips'] prior convictions [] which did not qualify" for purposes of determining whether he was a career offender.  (Phillips' § 2255 Mot. 4.)  On September 30,

1

2005, the Government filed a motion to dismiss Phillips' motion as time-barred under 28 U.S.C. § 2255. Phillips did not respond to the motion to dismiss.

## II. DISCUSSION OF THE LAW

There is a one-year statute of limitations for filing a motion under § 2255, which provides in pertinent part as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. An unappealed federal criminal judgment becomes final for purposes of § 2255 when the time for filing a direct appeal expires. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (finding that, for purposes of § 2255 motions, "an unappealed federal criminal judgment becomes final ten days after it is entered . . . , at least where there has been no district court extension of appeal time for good cause or excusable neglect."); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). Therefore, under § 2255(1), Phillips had until June 26, 2003, to file his § 2255

motion. See Fed. R. App. P. 4(b)(1)(A). The instant § 2255 motion was filed on May 7, 2005.[1] As such, Phillips' motion is time-barred under § 2255(1).

Moreover, § 2255(3) does not permit Phillips to bring an otherwise untimely motion. As his second ground for relief, Phillips alleges that Hall was constitutionally ineffective for failing to object to sentencing enhancements that violated his Fifth and Sixth Amendment rights pursuant to United States v. Booker, 125 S. Ct. 738 (U.S. 2005). Under § 2255(3), a movant has one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). "For a new rule to be retroactive to cases on collateral review, . . . the Supreme Court itself must make the rule retroactive." In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005).

The United States Supreme Court has not made the procedural rule announced in Booker retroactive to cases on collateral review. Id. (finding that Booker was not retroactive to cases on collateral review); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) (finding that "Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005"); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005) (finding that Booker does not apply retroactively to the movant's collateral challenge); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (same); Bey v. United States,

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

3

399 F.3d 1266, 1269 (10th Cir. 2005) (same); Humphress v. United States, 398 F.3d 855, 862-63 (6th Cir. 2005) (same). Therefore, Phillips' Booker claim is also time-barred under § 2255(3).

Further, § 2255(4) does not permit Phillips to bring an otherwise untimely motion. "Through the exercise of due diligence," Phillips could have discovered the facts supporting his ineffective assistance of counsel claims well over one year prior to filing the instant motion. 28 U.S.C. § 2255(4). As such, his claims are not timely under § 2255(4).

Finally, "it is indisputably clear from the materials presented to the district court that the [motion] . . . cannot be salvaged by equitable tolling principles . . . ." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). Even assuming solely for the sake of argument that Hall failed to appeal Phillips' criminal conviction as requested, equitable tolling principles would not apply in this case. At the latest, Phillips discovered that Hall had not appealed his case in December 2003, when Hall informed Phillips via letter that she did not appeal his conviction. (Phillips' § 2255 Mot. Ex. 1 (Letter from Hall to Phillips of 12/4/03).) "[E]quitable tolling is available only in those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (internal quotation marks omitted). "[E]quity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 714 n.11 (5th Cir. 1999) (internal quotation marks omitted). Phillips should have filed his § 2255 motion immediately upon learning that his counsel had not appealed his conviction. Instead, he waited until a year and a half later to file his motion. As such, equitable tolling does not apply in this case. See Coleman v. Johnson,

4

184 F.3d 398, 403 (5th Cir.1999) (refusing to equitably toll statute of limitations because petitioner failed to diligently pursue relief under 29 U.S.C. § 2254).

It is therefore

**ORDERED** that the Government's motion to dismiss Phillips' § 2255 motion, Document no. 3, is granted. It is further

**ORDERED** that Phillips' § 2255 motion, Document no. 1, is denied.

**IT IS SO ORDERED**.

                                         s/ Henry M. Herlong, Jr.
                                         United States District Judge

Greenville, South Carolina
October 25, 2005

## NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.